IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Debra A. Hicks, ) | C/A No. 0:09-3053–CMC–PJG |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| Michael J. Astrue, Commissioner ) | |
| of Social Security Administration, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Through this action, Plaintiff seeks judicial review of the final decision of the Commissioner of Social Security denying Plaintiff's claim for Social Security Income ("SSI"). Plaintiff appealed pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). The matter is currently before the court for review of the Report and Recommendation ("Report") of Magistrate Judge Paige J. Gossett made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rules 73.02(B)(2)(a) and 83.VII.02, *et seq.*, D.S.C. For the reasons set forth below, the court adopts the Report, which was filed on December 13, 2010, and affirms the decision of the Commissioner.

**STANDARD**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The court reviews only for clear

error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

The Commissioner's denial of benefits should be reversed only if no reasonable mind could accept the record as adequate to support that determination. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The Commissioner's findings of fact are not binding, however, if they were based upon

the application of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).

## DISCUSSION

The Report recommends affirming the decision of the Commissioner. Plaintiff has filed objections in which she argues against affirming because the ALJ erred at Step Four of the Sequential Evaluation in determining Plaintiff's residual functional capacity ("RFC") and finding her able to return to past sedentary work. Dkt. No. 16 at 4. The ALJ determined that Plaintiff retained the residual functional capacity

> to carry up to 10 pounds occasionally and less than 10 pounds frequently; to stand and/or walk up to 2 hours in an eight-hour workday; with a sit/stand option every 60 minutes at the workstation; with occasional stooping, crouching, kneeling, balancing, and climbing stairs or ramps; with no crawling, or climbing of ladders, ropes, or scaffolds; with avoidance of hazards such as unprotected heights, vibration and dangerous machinery; and with no concentrated exposure to extremes of humidity and temperature.

Tr. 13-14. Plaintiff argues that the ALJ (1) made his evaluation with an incomplete record because Plaintiff did not have the opportunity to complete Form SSA-3373 function reports in the course of filing and appealing her claim and (2) did not fully consider Plaintiff's subjective complaints in determining her RFC.

**Function Reports.** Plaintiff argues that the ALJ made his decision without the benefit of information Plaintiff could have provided in function reports. This argument is flawed for three reasons. First, the provision of functional reports to SSI applicants is regulated by the Social Security Administration's Program Operations Manual System ("POMS") § DI 11005.016. The POMS is an interagency document that does not create judicially enforceable duties, and courts will not review allegations on noncompliance with their provisions. *See Parra v. Astrue*, 481 F.3d 742, 749 (9th Cir. 2007). Thus, the absence of functional reports did not make the ALJ's record fatally

incomplete.

Second, as Defendant correctly argues in his response, this is the first time Plaintiff argues that there was error in the consideration of her claim because the state agency never provided her with Form SSA-3373 function reports during her administrative review. Dkt. No. 19 at 2. Arguably, because Plaintiff failed to raise this error in her initial brief, the argument is waived. *See Anderson v. Dep't of Labor*, 422 F.3d 1155, 1174, 1182 n.51 (10th Cir. 2005) (because plaintiff did not raise an issue in his opening brief, it is waived). Third, even if the court considered this argument, other than a conclusory statement that the reports "would have provided extremely detailed information about [Plaintiff's] day to day life" (Dkt. No. 16 at 9), Plaintiff does not indicate what information the reports would have provided that was not already in the record before the ALJ. Therefore the absence of function reports in the record does not change this court's conclusion that the ALJ's decision was supported by substantial evidence.

**Subjective Complaints.** Plaintiff suffers from cardiomyopathy and migraine headaches and argues in her objections that the ALJ erred in evaluating the credibility of her subjective complaints about these conditions. Dkt. No. 16 at 10. Specifically, Plaintiff argues the ALJ should have given more consideration to her complaints of (1) extreme fatigue resulting from her cardiomyopathy that prevent performance of an eight hour work day and (2) severe migraines at least twice a month that last two to three days requiring bed rest. *Id.* at 10-13. Although Plaintiff raises two new arguments, the Report addressed subjective complaints in detail. After careful review of the record, the undersigned concludes that the grounds underlying Plaintiff's argument regarding the ALJ's evaluation of her subjective complaints are adequately and correctly addressed in the Report. *See* Dkt. No. 11 at 5-9.

4

### A.     Fatigue

In evaluating the credibility of Plaintiff's complaints of extreme fatigue, the ALJ noted that Plaintiff's "allegations concerning her impairments, symptoms and the ability to work are not substantiated by the total evidence of the record and not fully credible." Tr. 14. Specifically he stated that Plaintiff's complaints were at odds with her treating physician's notes which indicated that Plaintiff was responding well to treatment and experiencing improvement in her functioning. Tr. 16-17. Plaintiff argues that her cardiomyopathy condition leads to side effects that she has learned to live with, and, therefore, it is "reasonable that she would respond to her physician's inquiry as 'doing well' if she is not actually experiencing a worsening of her symptoms." Dkt. No. 16 at 11. This is an argument the ALJ could have and might have considered in making his decision, yet Plaintiff fails to show how consideration of this post-hoc explanation would change the ALJ's decision about her credibility. The court reviews the record in light of this potential explanation for lack of evidence of fatigue in the medical records, and finds the ALJ's conclusion about Plaintiff's credibility concerning her fatigue supported by substantial evidence.

### B.     Migraines

Plaintiff argues the ALJ and Report erroneously concluded that Plaintiff should have gone to the emergency room more often to prove the frequency of her migraine headaches. Dkt. No. 16 at 11. Rather, the ALJ noted and the Report agreed that evidence that Plaintiff has only sought emergency room treatment five times in the last five years was one of several pieces of evidence contradicting the severity of her subjective complaints. *See* Tr. 18; Dkt. No. 11 at 8. The ALJ considered these few hospital visits along with evidence that Plaintiff's migraines can be managed with medication and predated her alleged onset of disability without interfering with her ability to

work. The court finds that the ALJ applied the correct legal standard in considering Plaintiff's credibility concerning complaints of migraines and his determination was supported by substantial evidence.

The new facts raised by Plaintiff in her objections do not change the court's conclusion that the ALJ's credibility determination was supported by substantial evidence.

## CONCLUSION

For the reasons set forth above, this court adopts the Report and Recommendation of the Magistrate Judge and affirms the decision of the Commissioner.

**IT IS SO ORDERED.**

                                            s/ Cameron McGowan Currie
                                            CAMERON MCGOWAN CURRIE
                                            UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
February 7, 2011